# MEMORANDUM DECISIONS

ESQUIVEL v. STATE. (No. 5039.) (Court of Criminal Appeals of Texas. May 22, 1918.) Appeal from Criminal District Court, Nueces County; Walter F. Timon, Judge. Urbano Esquivel was convicted of burglary, and he appeals. Affirmed. E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The conviction is for burglary, and the punishment assessed at two years' confinement in the state penitentiary. Appellant entered a plea of guilty, and sought to obtain a suspended sentence. The facts proved are not brought up by the record, nor do we find any bills of exceptions. Motion for new trial complains of misconduct of the jury, but there is absence of any bills of exception or statement of facts disclosing the evidence upon which the trial judge overruled the motion. The record discloses no error, and the judgment is affirmed.

---

PAUL v. SWEENEY et al. (No. 363.) (Court of Civil Appeals of Texas. Beaumont. May 17, 1918. Rehearing Denied June 5, 1918.) Appeal from District Court, Harris County; Wm. Masterson, Judge. Action by Allen Paul against J. J. Sweeney and others. Judgment on directed verdict for defendants, and plaintiff appeals. Affirmed. A. C. Allen and Cooper & Merrill, all of Houston, for appellant. Moody & Boyles, of Houston, for appellees.

KING, J. This appeal has been perfected by appellant from a judgment of the Fifty-Fifth district court of Harris county; the judgment being based upon the following verdict of the jury, returned in obedience to a peremptory instruction by the court, to wit: "Gentlemen of the Jury: In this case, the plaintiff having utterly failed to establish, in the opinion of the court, his allegations of conspiracy upon the part of the defendants, and the same being essential to his right of recovery herein, you are instructed to return a verdict in favor of defendants." The action of the court in thus instructing the jury is assigned as error by appellant. Upon a former trial of this cause, the trial judge sustained the following special plea to plaintiff's petition: "They specially except to all the allegations in said petition which undertake to join in the same action a claim for damages for breach of a contract of rental with a claim for damages for slander, because the same would constitute a misjoinder of causes of action." Plaintiff refused to amend, and appealed to the Court of Civil Appeals at Galveston, which court reversed and remanded the cause, the report of which may be found on page 525, 188 S. W. We will not copy plaintiff's original petition, as the material part of same is contained in the report of the former appeal. A careful consideration of the pleadings forces us to the same conclusion that was reached by the Galveston Court, that plaintiff bases his right to recover for the wrongful acts, statements, declarations, etc., upon the theory that such acts were done, made, and declared with the common design of appellees for the purpose of defaming his character and destroying his business, and without quoting the testimony, we have carefully considered the pleadings of the plaintiff, and the evidence introduced upon the trial of the case, and find that plaintiff failed to establish any conspiracy upon the part of appellees, as alleged, and therefore the trial court did not err in giving a peremptory instruction in their favor, and the judgment of the lower court is therefore affirmed.

---

ALTMAN v. ASBURY & SULLIVAN. (Supreme Court of Arkansas. March 4, 1918.) Appeal from Circuit Court, Craighead County, Jonesboro District; W. J. Driver, Judge.

PER CURIAM. Affirmed on appellees' motion, pursuant to rule 7.

---

BEAL v. BAYNE et al. (Supreme Court of Arkansas. March 18, 1918.) Appeal from Pulaski Chancery Court; John E. Martineau, Chancellor.

PER CURIAM. Appeal dismissed on appellant's motion.